**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

ALLIVIA A. LICHLYTER
110 Nestor's Place
Stafford, VA 22556

and

JAMES M. NIEMEIER
110 Nestor's Place
Stafford, VA 22556

   Plaintiffs,

v.

THE UNITED STATES OF AMERICA

Serve On: Todd Blanche
Acting US Attorney General – Dept of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530

Serve On: Kelly O. Hayes,
US Attorney – Dept of Justice
36 S. Charles St., 4th FL
Baltimore, MD 21201

    Defendant.

CIVIL ACTION NO.

## COMPLAINT

    Plaintiffs, Allivia A. Lichlyter and James M. Niemeier, by and through their attorneys, Benjamin S. Salsbury, Esq., and Salsbury Stringer McCulley, LLC, hereby sue the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2671-2680, and state as follows:

1.    The amount of this claim exceeds Seventy-Five Thousand Dollars ($75,000.00).

1

2.      Venue for this claim is proper in the United States District Court for the District of Maryland.

3.      The United States District Court for the District of Maryland has personal and subject matter jurisdiction over Defendant.

4.      Plaintiffs Allivia Lichlyter and James Niemeier reside in Stafford, Virgina.

5.      At all times relevant hereto, Defendant, The United States of America, owned, controlled, and operated a medical facility known as Walter Reed National Military Medical Center ("Walter Reed") offering medical and other related services to the members of The United States of America's armed forces, as well as family members and other individuals sponsored by members of the armed forces. In such capacity and practice, The United States of America's agents, apparent agents, servants, and employees, medical staff and consultants, including but not limited to Katherine Dengler, M.D., Kristina Karlson, M.D., Cristina Negoescu, D.O., Dawodu Konyinsola, M.D., Jordan Bergmann, M.D., Alissa Galgano, D.O., Ali Hakkani, M.D., and Jill Brown, M.D., held themselves out as practicing ordinary standards of medical care and, as such, owed a duty to Allivia Lichlyter to render and provide health care within the ordinary standards of medical care, and to exercise reasonable skill and care in the selection of its personnel to provide competent physicians, physician's assistants, technicians, nurses, surgeons and other medical personnel possessing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and skill to the practice of medicine, and to supervise and provide its patients with diagnostic and medical services and treatment commensurate with the condition from which the patient suffers and for which patient entered said medical facility.

6.      At all relevant times, Katherine Dengler, M.D., Kristina Karlson, M.D., Cristina Negoescu, D.O., Dawodu Konyinsola, M.D., Jordan Bergmann, M.D., Alissa Galgano, D.O., Ali

2

Hakkani, M.D., and Jill Brown, M.D., were physicians offering medical and other related services to the general public and held themselves out to Plaintiffs as experienced, competent, and able physicians, possessing the degree of skill and knowledge ordinarily possessed by those who devote special study and attention to the practices of obstetrics, gynecology, anesthesiology, internal medicine, family medicine, and surgery. At all times hereinafter set forth Katherine Dengler, M.D., Kristina Karlson, M.D., Cristina Negoescu, D.O., Dawodu Konyinsola, M.D., Jordan Bergmann, M.D., Alissa Galgano, D.O., Ali Hakkani, M.D., and Jill Brown, M.D., were agents, actual or apparent; servants; and/or employees of Defendant The United States of America.

7.      Plaintiff Allivia Lichlyter submitted a Standard Form 95 to Walter Reed Military National Medical Center on June 26, 2025.  The Navy Tort Claims Unit confirmed receipt of Plaintiff's claim on July 2, 2025.

8.      More than six months have elapsed since Plaintiff Allivia Lichlyter filed her claim without a final disposition by the federal agency. That is a final denial of Plaintiff Lichlyter's claim. 28 U.S.C. §2675.

### COUNT 1
### NEGLIGENCE – ALLIVIA LICHLYTER INDIVIDUALLY

9.      Plaintiff incorporates Paragraphs 1 through 8 of the Complaint as if fully set forth herein.

10.      On July 10, 2023, Plaintiff, Allivia Lichlyter, was admitted to the Labor and Delivery unit at Walter Reed Medical Center in Bethesda, MD. She was 39 weeks pregnant, and her intrapartum course was notable for preeclampsia and history of UTIs. After hours of difficult labor, Ms. Lichlyter experienced arrest dilation of 7 cm.

11.      On the evening of July 11, 2023, Ms. Lichlyter was taken emergently to undergo a Primary Low Transverse Cesarean Section. The C-section, which Ms. Lichlyter tolerated well, was

3

performed by Katherine Dengler, M.D., with Kristina Karlson, M.D., and Cristina Negoescu, D.O., assisting. After the procedure, bimanual examination noted good uterine tone, and 1000 mcg of Misoprostol was administered. This was Ms. Lichlyter's first child.

12. On July 12, 2023, Ms. Lichlyter was noted to have a fever and was started on IV antibiotics for presumed endometritis. She reported severe 8/10 right-sided abdominal pain that worsened with movement. Dawodu Konyinsola, M.D., evaluated her and noted concern for postoperative ileus due to moderate abdominal distention and nausea. Although Ms. Lichlyter reported passing gas that day, she had not had a bowel movement since July 10. Dr. Konyinsola ordered a temporary cessation of oral feeding (NPO) for bowel rest with continued IV hydration and recommended a nasal gastric tube if Ms. Lichlyter experienced emesis, suggesting worsening ileus.

13. On the evening of July 12, 2023, Jordan Bergmann, M.D., performed a post anesthesia evaluation and similarly documented poorly controlled abdominal pain concerning for postoperative ileus.

14. On July 13, 2023, Ms. Lichlyter's condition had not improved. She reported ongoing upper abdominal pain radiating to her back, along with a lack of flatus or bowel movement. On examination, Alissa Galgano, D.O., noted upper abdominal tenderness without rebound or guarding. Ms. Lichlyter was given oxycodone and Dilaudid for worsening pain, and Dr. Negoescu ordered continued NPO status along with an abdominal X-ray.

15. The X-ray revealed multiple dilated loops of the small bowel and colon. The radiology report noted "massive" dilation of the ascending colon measuring 11.7 cm in diameter, with a paucity of gas in the rectum sigmoid colon. There was no evidence of free air at that time, indicating that a perforation had not yet occurred. The findings were thought to most likely

represent postoperative ileus based on the clinical picture, although an obstruction could not be ruled out. Despite the severity of the colon's dilation, elevated white blood cell count, and risk of perforation, Ms. Lichlyter was managed conservatively with dietary modifications and instructions to walk and massage the area as tolerated.

16.    On July 14, 2023, Ms. Lichlyter continued to receive IV Dilaudid (0.4 mg every 2 hours) and Toradol (15 mg every 8 hours) for severe pain management, as ordered by Drs. Konyinsola and Negoescu. She also received ibuprofen and oxycodone for additional pain control.

17.    Also on July 14, 2023, Ali Hakkani, M.D., Alissa Galgano, D.O., and Jill Brown, M.D., ordered in a signed progress note that Ms. Lichlyter be taken off NPO and advanced to a regular diet. The progress note documented her white blood cell count at 17.5, a significant increase from 13.3 upon admission.

18.    On July 15, 2023, Ms. Lichlyter's condition continued to deteriorate, with increasing leukocytosis and tachycardia. Her white blood cell count rose to 18.3. Despite this, she remained on a regular diet and had chicken soup and broccoli for lunch. By late afternoon, she reported severe abdominal pain rated 10/10, which worsened significantly with movement and ambulation. Physical examination revealed "significantly distended" abdomen absent normal bowel sounds with diffuse tympany appreciated on percussion, and diffuse tenderness to palpation. She was described as pale and visibly in pain. An abdominal CT scan demonstrated an "extensive amount of free air within the abdomen and pelvis with moderate amounts of simple fluid, extensive diffuse dilation of the stomach through to the transverse colon, and moderate hydronephrosis and distended bladder which may represent obstruction secondary to large amount of pressure within the abdomen." These findings prompted emergent surgical exploration.

19.    The surgical team identified a perforated cecum and proceeded with a right hemicolectomy and ileocolic anastomosis. They documented thin purulent fluid throughout the abdomen and pelvis, along with a dense purulent rind on the small bowel. Stool was noted in the right paracolic gutter, and the cecum appeared markedly necrotic with areas of perforation and spillage. The right colon was noted to have multiple small perforations and ischemic segments. After extensive excision and repair, the abdomen was irrigated copiously, and an incisional wound vac was placed. Ms. Lichlyter was extubated in the operating room, a nasogastric tube was placed, and she was transferred to SICU.

20.    Ms. Lichlyter was hospitalized for over a month. She has required subsequent medical treatment because of the negligence of Defendant's agents, servants, and employees. Ms. Lichlyter is more likely than not unable to have additional children as she had planned because of complications from her injuries.

21.    Plaintiff Allivia Lichlyter alleges that Defendant, The United States of America, by and through its agents, servants, and employees, including, but not limited to, Katherine Dengler, M.D., Kristina Karlson, M.D., Cristina Negoescu, D.O., Dawodu Konyinsola, M.D., Jordan Bergmann, M.D., Alissa Galgano, D.O., Ali Hakkani, M.D., and Jill Brown, M.D., together with its nurses, nurse practitioners, physician assistants, and other agents, servants, and employees, was negligent and careless in that it:

a.    Negligently perforated Ms. Lichlyter's colon during the cesarian section procedure;

b.    Used negligent surgical technique in performing the cesarian section;

c.    Failed to timely diagnose Ms. Lichlyter with colon perforation and bowel obstruction;

d.      Failed to timely recognize and respond to signs of bowel obstruction and impending perforation, including severe persistent abdominal pain, distention, absence of bowel function, and progressively worsening clinical status;

e.      Failed to appropriately act on alarming objective findings, including marked colonic dilation (11.7 cm on imaging), rising leukocytosis, and later tachycardia, each indicating a high risk of perforation;

f.      Failed to escalate care and obtain timely surgical evaluation and intervention, instead improperly continuing conservative management despite clear indications for operative assessment;

g.      Improper advancement of diet and continuation of medications that impaired bowel function and masked worsening symptoms despite clear signs of clinical decline;

h.      Failed to timely diagnose and treat bowel ischemia and perforation, directly resulting in cecal necrosis, perforation, intra-abdominal contamination, and the need for emergent hemicolectomy and intensive care; and

i.      Otherwise, were negligent and failed to act within the standard of care.

22.     The negligence of the Defendant and their agents, actual or apparent, employees and servants was the direct and proximate cause of, and a substantial contributing factor to, Ms. Lichlyter's prolonged and complicated medical course. As a result of her perforated colon, Ms. Lichlyter was forced to undergo multiple surgeries, intravenous antibiotic therapy, and placement of drains. She further developed abscesses, hernia, and abdominal adhesions with recurrent infections, and endured a prolonged and painful hospital stay, during which she was separated for months from her first-born child.

23.     The negligence of Defendant and their agents, actual or apparent, employees, and servants, was the direct and proximate cause of financial injury to Ms. Lichlyter, including past, present, and future medical expenses and other pecuniary losses.

24.     The negligence of Defendant and their agents, actual or apparent, employees, and servants, was the direct and proximate cause of Ms. Lichlyter's mental anguish and emotional pain and suffering.

25.     Plaintiff Allivia Lichlyter states that all the injuries, damages, and losses complained of in this Complaint were caused solely by the negligence of Defendant and their agents, actual and apparent; employees; and servants, without any negligence on the part of Ms. Lichlyter contributing.

Wherefore, Plaintiff, Allivia Lichlyter, claims damages against Defendant, The United States of America, by and through its nurses, nurse practitioners, physicians, physician's assistants, agents, servants, and/or employees in an amount over Seventy-Five Thousand Dollars ($75,000.00) to be determined at trial.

### COUNT 2
### LOSS OF CONSORTIUM - ALlIVIA LICHLYTER & JAMES NIEMEIER JOINTLY

26.     Plaintiffs Allivia Lichlyter and James Niemeier adopt and incorporate paragraphs 1 through 25 above.

27.     Allivia Lichlyter and James Niemeier are married.

28.     As a result of the injuries to Allivia Lichlyter, she and her husband suffered interference with and injury to their marital relationship.

29.     Such injury and damage were cased solely by the negligence of Defendant, The United States of America, and its agents, servants, and employees, without any negligence on the part of Plaintiffs contributing.

Wherefore, Plaintiffs Allivia Lichlyter and James Niemeier jointly claim damages against Defendant, The United States of America, by and through its nurses, nurse practitioners, physicians, physician's assistants, agents, servants, and/or employees in an amount over Seventy-Five Thousand Dollars ($75,000.00) to be determined at trial.

Respectfully Submitted:

Date: 6/26/26

/s/ Benjamin S. Salsbury
Benjamin S. Salsbury Fed. Bar #228850
SALSBURY STRINGER McCULLEY, LLC
100 N. Charles Street, Suite 900
Baltimore, MD 21201
P: 443-869-3920 * F: 443-835-2678
bsalsbury@ssm-lawyers.com
**Attorneys for Plaintiffs**